UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PAUL D. NORRIS, <br> *as Personal Representative of the Estate of* <br> *Paul L. Norris, Deceased,* <br><br> Plaintiff, <br><br> v. <br><br> ADVANCED CORRECTIONAL <br> HEALTHCARE, INC. and <br> DEBORAH K. WALLEN, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 1:10-cv-0237-RLY-DML <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## Order on Pending Motions

The plaintiff's settlement and dismissal of his claims against defendants Frank Goodpaster, Richard Bilbrey, and Delaware County Sheriff's Department (collectively, "Sheriff") have given rise to three matters the court now addresses.

This case was originally brought under the court's federal question jurisdiction, based on the claims asserted against the Sheriff under 42 U.S.C. § 1983. The plaintiff also brought state law negligence claims against nurse Deborah Wallen and Advanced Correctional Healthcare Inc. ("ACH"), over which this court exercised supplemental jurisdiction as authorized by 28 U.S.C. § 1367.

Upon the dismissal of the Sheriff and, hence, all the federal claims, the court issued an order requiring the remaining parties to show cause why the court should not relinquish its supplemental jurisdiction over the state law claims and dismiss them without prejudice. The court specifically directed the parties' attention to the factors this court must consider under *Carnegie-Mellon University v. Cohill,* 484 U.S. 343 (1988), in making that determination.

Ms. Wallen and ACH have responded that this court should relinquish jurisdiction. They maintain that this case is not far advanced from the court's perspective because the court has not made any substantive rulings. They further note that the discovery completed to date will not need to be duplicated in state court and that only state law issues remain.

In his response to the show cause order, the plaintiff does not vigorously dispute any of these contentions. Rather, he points to the fact that he has now moved to dismiss Deborah Wallen as a defendant, the only defendant sharing Indiana citizenship with the plaintiff. And because the amount in controversy exceeds $75,000, the plaintiff maintains that the court now would have diversity jurisdiction over this case.

Ms. Wallen and ACH dismiss this development,[1] arguing that the plaintiff's complaint does not allege diversity jurisdiction and that it is too late under the case management plan to amend the complaint. This argument is not persuasive. First, amendment of the complaint is not, strictly speaking, the issue. As Ms. Wallen and ACH point out, federal jurisdiction is generally determined by the complaint when it is first filed in federal court. *See, e.g., Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570-71 (2004).[2] Second, the judicial economy, convenience, and fairness factors to be considered under *Carnegie-Mellon* are decidedly tipped by the plaintiff's intent to drop Ms. Wallen as a defendant. If this court relinquished its supplemental jurisdiction, the plaintiff could simply re-file his case the next day

---

[1] Ms. Wallen and ACH had apparently not yet received the plaintiff's response to the show cause order and the motion to dismiss Ms. Wallen but were responding based on a voicemail from plaintiff's counsel. The court therefore does not fault them for the brevity of their argument on this issue. But the court does question whether Ms. Wallen, who the plaintiff now seeks to dismiss *with prejudice,* does indeed oppose the plaintiff's requests.

[2] *See also Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832 (1989) (district court may, under Fed. R. Civ. P. 21, "allow a dispensable nondiverse party to be dropped at any time" to correct a jurisdictional defect).

(sans Ms. Wallen) in federal court. That result would be terribly impractical, inconvenient, and unfair, particularly in light of the pending September 2012 trial date. Judicial economy would not be served. Moreover, although the court has not ruled on any dispositive matter, the case *has* significantly progressed, as evidenced by the trial date. These considerations lead the court to determine that it should retain supplemental jurisdiction over this case.

For these reasons, the court enters the following orders: (1) the plaintiff's motion to dismiss defendant Deborah Wallen (Dkt. 89) is GRANTED; the claims against Deborah Wallen are dismissed with prejudice; (2) the court's order to show cause (Dkt. 88) is DISCHARGED; the court will retain jurisdiction over this case; (3) the plaintiff is directed to file, by April 17, 2012, a supplemental statement that sets forth the facts that would support the court's diversity jurisdiction; and (4) the defendant's motion to extend dispositive motion deadline (Dkt. 92) is GRANTED; ACH has until May 10, 2012, to file a dispositive motion.

So ORDERED.

Date: 04/12/2012

RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

Jeffrey S. McQuary
BROWN TOMPKINS LORY
jmcquary@brown-tompkins-lory.com

Gregory Joseph Tonner
SPANGLER, JENNINGS & DOUGHERTY P.C.
gtonner@sjdlaw.com

Christopher D. Wyant
BROWN TOMPKINS LORY & MASTRIAN
cwyant@btlmlaw.com